1  GLORIA ALLRED, SBN 65033
   NATHAN GOLDBERG, SBN 61292
2  DOLORES Y. LEAL, SBN 134176
   dleal@amglaw.com
3  RENEE MOCHKATEL, SBN 106049
   rmochkatel@amglaw.com
4  LAW OFFICES
   **ALLRED, MAROKO & GOLDBERG**
5  SUITE 1500
   6300 WILSHIRE BOULEVARD
6  LOS ANGELES, CA  90048-5217
   Telephone No. (323) 653-6530
7  Fax No. (323) 653-1660

8  Attorneys for **Plaintiff, QUASHAY DAVIS**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| QUASHAY DAVIS, | CASE NO: |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| | 1. GENDER VIOLENCE (Cal. Civil Code §52.4) |
| vs. | 2. SEXUAL BATTERY (Cal. Civil Code §1708.5) |
| JAMAL RASHID (aka MOLLY MALL), an individual, and DOES 1 through 10, inclusive, | 3. VIOLATION OF THE CALIFORNIA RALPH ACT - FREEDOM FROM VIOLENCE OR INTIMIDATION (Cal. Civ. Code §51.7) |
| | 4. FALSE IMPRISONMENT |
| Defendants. | 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| | 6. ASSAULT |
| | 7. BATTERY |
| | 8. INTERFERENCE WITH EXERCISE OF CIVIL RIGHTS (Cal. Civ. Code §52.1) |
| | **JURY TRIAL DEMANDED** |

1
COMPLAINT FOR DAMAGES

Plaintiff QUASHAY DAVIS, by and through her attorneys, ALLRED, MAROKO & GOLDBERG, for her Complaint against Defendant JAMAL RASHID (aka MOLLY MALL), alleges on knowledge as to her own actions, and otherwise upon information and belief, as follows:

## I. NATURE OF THE ACTION

1. This is an action for damages to remedy sexual and gender violence in violation of the California Civil Code §52.1; the California Ralph Act, Cal. Civ. Code §51.7; the California Bane Act Cal. Civ. Code §52.1; and false imprisonment, violence, and threats of violence under California state common law.

2. Plaintiff Davis alleges that Defendant Rashid committed gender violence against her, sexually battered her, inflicted and threatened violence because of her sex; falsely imprisoned her inside of his Encino, California home; intentionally inflicted emotional distress upon her; assaulted her; and battered her.

3. Plaintiff seeks general, compensatory, and punitive damages in an amount to be determined at trial; and civil penalties; attorneys' fees and costs as provided by statute.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(1), in that this is a civil action between a citizen of Texas (Plaintiff), and a citizen of California (Defendant), and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Plaintiff Davis has her permanent address in Arlington, Texas, where she permanently resides, works, pays taxes. She further intends to stay in Texas indefinitely and is therefore a citizen of Texas.

6. On information and belief, Defendant Rashid owns a residence at 4434 Grimes Plaza Encino, California 91316. Los Angeles County, California is the place in which he primarily stays and intends to stay in the future. He is therefore domiciled in California and is a citizen of California.

7. Venue is proper in this district under 28 U.S.C. Section 1391(b)(2), in that all of the events or omissions giving rise to the claim occurred in the County of Los Angeles, California, located in this District.

## III. THE PARTIES

8. Plaintiff QUASHAY DAVIS (hereinafter referred to as "Ms. Davis" or "Plaintiff") is, an individual who resides in Arlington, State of Texas.

9. Upon information and belief, Defendant JAMAL RASHID (hereinafter referred to as "Defendant Rashid" or "Defendant") is an individual who primarily resides at 4434 Grimes Plaza, Encino, California, 91316. Defendant Rashid is also known as "Mally Mall." Upon information and belief, Defendant Rashid is a citizen of the State of California.

## IV. FACTS

10. Ms. Davis is 26 years of age and works as a freelance fitness, swim, and clothing model. She maintains a profile on Instagram, a picture-centered social media platform, through which people can view her pictures and inquire directly about modeling opportunities.

11. On information and belief, Defendant Rashid is a hip-hop record executive, producer and businessman who has worked with high-profile artists including Chris Brown, Drake, Usher, and Snoop Dogg. He has 1.4 million followers on Instagram.

12. On December 28, 2018, Defendant Rashid first contacted Ms. Davis via direct message to her Instagram account.

13. Over the next approximately two weeks, Ms. Davis and Defendant Rashid exchanged Instagram direct messages, text messages, and phone and video calls. On the phone, Defendant Rashid and Ms. Davis discussed that Defendant Rashid would help her come up with "creative ideas" for her fitness business, connect her with someone high-profile to promote her fitness modeling, and shoot her videos with high-quality equipment. Ms. Davis was excited about this

1  opportunity for her modeling and fitness career.

2  14. They planned that Ms. Davis would spend a few days in Los Angeles, California while the photoshoot was ongoing. Then, Defendant Rashid would pay for her return flight to her home in Arlington, Texas when the photoshoot was complete.

3  15. On January 12, 2019, Ms. Davis flew to Los Angeles International Airport (LAX) from the Dallas Fort Worth (DFW) Airport in Texas.

4  16. When Ms. Davis arrived at LAX, Defendant Rashid, or one of his agents, sent an Uber driver to pick her up from the airport. The Uber drove her directly to Defendant Rashid's private residence in Encino, California. Ms. Davis was surprised that she had been taken to Defendant Rashid's private home because her understanding was that they were to have a professional meeting.

5  17. When she arrived at his home, Defendant Rashid's security guards escorted Ms. Davis to the third-story of the home. There, the master-bedroom door was locked with a 4-digit electronic passcode. Defendant Rashid's private security entered the code and ushered Ms. Davis inside.

6  18. Defendant Rashid was alone in the large room, lying on a bed. When Ms. Davis entered the room, she was very apprehensive and confused as to why she was in his bedroom. Still, she attempted to keep the tone professional and asked Defendant Rashid what the agenda would be for her trip.

7  19. However, Defendant Rashid did not wish to discuss business as planned. Instead, he responded that they would be leaving in a minute, but first, there was a masseuse named Jasmine coming to massage him.

8  20. Shortly after, a woman who identified herself as "Jayla Foxx" entered the bedroom. Defendant Rashid introduced her as an "ex-porn star," and suggested that Ms. Davis could train her to get into better shape. Defendant Rashid then sent Jayla Foxx to get food and drinks for Defendant Rashid and Ms. Davis.

9  21. When Jayla Foxx returned with their food and drinks, Defendant

Rashid offered Ms. Davis an alcoholic drink with Hennessey cognac. Ms. Davis accepted and drank the beverage.

22. After the drink, Ms. Davis became aware that her mind and body were under the influence of drugs. She felt dizzy, and her vision was blurry.

23. Ms. Davis blacked out. The next thing she remembers is that she was naked on a massage table. A masseuse massaged Ms. Davis, but Ms. Davis struggled to feel it at all.

24. Some time after the massage, Defendant Rashid repeatedly slapped Ms. Davis across both sides of her face as she attempted to maintain consciousness. Her head flopped side to side as he hit her.

25. Defendant Rashid asked Ms. Davis "Why are you so pretty?" and gave her more to drink. Afterwards, he continued slapping her face and told Ms. Davis "I love you," "You're my new bitch," and "You're my Jayla number two."

26. Though Ms. Davis still felt under the influence of drugs and alcohol, Defendant Rashid took her to his closet and pressured her to snort cocaine. When she said she did not want it, he grabbed her face in an attempt to force her to ingest it. Ms. Davis refused and told him "no!" Finally, Defendant Rashid let go of her face to snort cocaine himself.

27. Still in the closet, Defendant Rashid grabbed Ms. Davis by the neck and choked her with his hand until she almost lost consciousness from the lack of oxygen. Ms. Davis grasped at his hand to try to stop him, but she was not strong enough to overpower him.

28. Defendant Rashid did not relent. He forced Ms. Davis onto the ground, then forced her to perform oral sex on him. Further, he pushed Ms. Davis down and began to roughly sexually penetrate her.

29. Ms. Davis was terrified and in pain. She did not consent, and she clearly told Defendant Rashid that "it hurts" and "no, I can't [do this]."

30. Still Defendant Rashid persisted. He told her to "trust me" and "I'm

your new Daddy." Further, he told her "I want you to be my new bitch," and "There's something about you that makes me love you."

31. Ms. Davis repeated that the penetration was painful and asked Defendant Rashid to "please stop." Instead of stopping, he proceeded to place more of his body weight on her and demanded that she "throw [her] ass back." He also forced Ms. Davis' arms above her head and held them there. Ms. Davis feared for her life and worried that he would crush or choke her to death.

32. When Defendant Rashid was finally finished, Ms. Davis was shocked, humiliated, and in serious pain.

33. In or around the January 13, 2019, Ms. Davis woke up in Defendant Rashid's bedroom next to a naked young woman. Ms. Davis confided in the young woman that Ms. Davis was afraid Defendant Rashid would make her go back inside the closet and rape her again. The young woman responded that Defendant Rashid had also pressured her into the closet to perform sex acts on him. They stopped talking about it when Jayla Foxx entered the room.

34. Defendant Rashid pressured both of them to start drinking alcohol. Ms. Davis protested that it was "too early to be drinking." Defendant Rashid grew angry with Ms. Davis for resisting and demanded that she "just drink."

35. Ms. Davis feared for her physical safety, so she acquiesced to Defendant Rashid's demand. However, she attempted to spit the drink back into her cup while he was looking away. Despite consuming little of the drink, Ms. Davis felt the mental and physical effects of drugs. Later, Defendant Rashid and Jayla Foxx told her that they had put "molly," also known as ecstasy, in her drink.

36. Defendant Rashid led Ms. Davis into his closet again. He again choked her, forced her to perform oral sex on him, and roughly penetrated her without her consent.

37. In addition to being a victim of Defendant Rashid's sexual assault and rape, Plaintiff witnessed Defendant Rashid bringing other women in his bedroom

1 and forcing them to perform sexual acts on him.

2   38.   Several young women entered the bedroom in Ms. Davis' presence, performed sex acts on Defendant Rashid, and called him "Daddy." Ms. Davis was thereby subjected to a hypersexualized environment and pornographic contact as women engaged in group sexual acts on Defendant Rashid. She was humiliated by this behavior.

   39.   When Defendant Rashid was finished with the other women, he demanded that Ms. Davis hold him and say that she loves him. When Ms. Davis said she didn't want to, Defendant Rashid got aggressive and yelled a string of racial and gender slurs. He called Ms. Davis a "stupid dumb nigger," "stupid bitch," and a "snappy bitch."

   40.   Ms. Davis was terrified of Defendant Rashid, who is larger than her and was clearly angry and aggressive. She attempted to get space away from him because she did not want him to touch her, but the further away she went, the angrier Defendant Rashid grew. He twice told Ms. Davis "if you leave my room, I will kill you!"

   41.   Ms. Davis believed that he would act on this threat, especially because Defendant Rashid had private security and had not let Ms. Davis exit his bedroom for any reason while he was awake.

   42.   On information and belief, at least some of the other young women in the room were not allowed to go freely in and out of the bedroom.

   43.   Defendant Rashid would occasionally pass out after using drugs.

   44.   On or about Monday, January 14, 2019, Ms. Davis was in terrible pain in her vaginal and groin area. While Defendant Rashid was asleep, she packed her bag and snuck out of the room. Ms. Davis then found Jayla Foxx sleeping in a different part of the house, woke her up, and asked her to take her to the doctor because of the pain she was in.

   45.   Jayla Foxx then drove Ms. Davis to an Urgent Care facility for medical

treatment of her injuries inflicted by Defendant Rashid. Medical personnel examined Ms. Davis and found that her injuries were consistent with a rape. They contacted the Los Angeles Police Department, who transported Ms. Davis for further examination and treatment at a nearby hospital.

46. After receiving preliminary medical treatment, Ms. Davis flew home from LAX to DFW. In Texas, Ms. Davis completed a Sexual Assault and Response Team ("SART") exam.

47. As a direct and proximate result of Defendant's unlawful conduct as alleged hereinabove, Plaintiff has suffered physical injury, severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety, and economic harm, all in an amount exceeding the jurisdictional minimum of Federal Court according to proof at trial.

48. The aforementioned conduct by Defendants was willful, wanton, and malicious. At all relevant times, each Defendant acted with conscious disregard of the Plaintiff's rights and feelings. Each Defendant also acted with the knowledge of or with reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to the Plaintiff. Plaintiff is further informed and believes that Defendants intended to cause fear, physical injury and/or pain and suffering to the Plaintiff. By virtue of the foregoing, the Plaintiff is entitled to recover punitive and exemplary damages from Defendant according to proof.

V. **STATEMENT OF CLAIMS**

**FIRST CAUSE OF ACTION**

**(Gender Violence in Violation of California Civil Code §52.3)**

49. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through paragraph 48 hereof, with the same force and effect as if full set forth herein.

50. Cal. Civ. Code Section 52.4(c) defines "gender violence" as: (1) one or more acts that would constitute a criminal offense under state law that has as an

element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction. (2) A physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal charges, complaints, charges, prosecution or conviction.

51. As alleged hereinabove, Defendant Rashid committed a physical intrusion of a sexual nature under coercive conditions onto Ms. Davis' person in violation of Cal. Civ. Code Section 52.4. Despite Ms. Davis' clear and consistent objections, Defendant Rashid proceeded to roughly sexually penetrate her, choke her, and hold her down.

52. Defendant Rashid's conduct was committed at least in part based on the plaintiff's gender.

53. As a direct and proximate result of Defendant's actions, Plaintiff Davis has suffered physical injury, severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety, and is entitled to general and compensatory damages in an amount according to proof at trial.

54. As a direct and proximate result of Defendant's actions alleged hereinabove, Plaintiff Davis has suffered economic harm and other consequential damages, all in an amount according to proof at trial.

55. Plaintiff Davis is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant Rashid described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. By reason thereof, Plaintiff Davis is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

///

///

## SECOND CAUSE OF ACTION

### (Sexual Battery in Violation of California Civil Code §1708.5)

56. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through paragraph 48 hereof, with the same force and effect as if full set forth herein. California Civil Code §1708.5(a)(1)-(3) provides:

57. In doing the acts described herein, Defendant Rashid acted with the intent to make offensive contact with Plaintiff Davis. He did, in fact, bring himself into offensive and unwelcome sexual contact with Plaintiff as described hereinabove.

58. As described more fully above, Defendant Rashid subjected Plaintiff Davis to unconsented and intentional invasions of her right to be free from sexually offensive and harmful physical contact.

59. As a direct and proximate result of Defendant's actions, Plaintiff Davis has suffered physical injury, severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety, and is entitled to general and compensatory damages in an amount according to proof at trial.

60. As a direct and proximate result of Defendant's actions alleged hereinabove, Plaintiff Davis has suffered economic harm and other consequential damages, all in an amount according to proof at trial.

61. Plaintiff Davis is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant Rashid described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. By reason thereof, Plaintiff Davis is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

/ / /

/ / /

/ / /

## THIRD CAUSE OF ACTION

### (Violation of the California Ralph Act Civ. Code §51.7 et seq.)

62. Plaintiff Davis repeats and realleges each and every allegation contained in paragraph 1 through paragraph 48 hereof, with the same force and effect as if full set forth herein.

63. California Civil Code § 51.7(a), "Freedom from violence or intimidation..." provides: "All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of . . . or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51." One such characteristic listed therein is "sex."

64. Defendant Rashid committed violent acts against Ms. Davis as alleged above, including, inter alia, slapping, choking, sexual assault and rape. He also threatened physical violence and threatened to kill Plaintiff Davis if she attempted to flee his room.

65. A substantial motivating reason for Defendant Rashid's conduct was Ms. Davis' sex, as evidenced by Defendant Rashid's pattern of behavior towards women in his bedroom, and by his use of gendered slurs.

66. Defendant Rashid's conduct was a substantial factor in causing Plaintiff Ms. Davis' harm.

67. As a direct and proximate result of Defendant's actions, Plaintiff Davis has suffered physical injury, severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety, and is entitled to general and compensatory damages in an amount according to proof at trial.

68. As a direct and proximate result of Defendant's actions alleged hereinabove, Plaintiff Davis has suffered economic harm and other consequential damages, all in an amount according to proof at trial.

69. Defendant Rashid's conduct was malicious and oppressive, and done

with a conscious disregard of Plaintiff' Davis' rights. Plaintiff is entitled to punitive damages from Defendant in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (False Imprisonment)

70. Plaintiff Davis repeats and realleges each and every allegation contained in paragraph 1 through paragraph 48 hereof, with the same force and effect as if full set forth herein.

71. Defendant Rashid intentionally deprived Plaintiff Davis of her freedom of movement by use of physical barriers, force and threats of force. Specifically, he had his private security escort Ms. Davis when she was outside of Defendant Rashid's bedroom, had a lock on the outside of his bedroom, and twice told her "if you leave my room, I will kill you!" when she attempted to flee.

72. The confinement compelled Ms. Davis to stay in Defendant Rashid's control over the course of approximately two days, an appreciable amount of time.

73. Plaintiff Davis did not knowingly or voluntarily consent to stay in Defendant Rashid's home and bedroom.

74. As a direct and proximate result of Defendant's false imprisonment of Plaintiff Davis, she has suffered and will continue to suffer extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

75. Defendant Rashid's conduct was malicious and oppressive, and done with a conscious disregard of Plaintiff' Davis' rights. Plaintiff is entitled to punitive damages from Defendant in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

76. Plaintiff Davis repeats and realleges each and every allegation contained in paragraph 1 through paragraph 48 hereof, with the same force and effect as if full set forth herein.

77. Defendant Rashid's conduct described herein was extreme and outrageous. Among other things, he slapped, choked, drugged, and raped Plaintiff Davis, then trapped her in his bedroom with other women and threatened to kill her if she tried to leave.

78. Defendant Rashid intended to cause Plaintiff Davis' emotional distress, or, in the alternative, acted with reckless disregard for the probability that Ms. Davis would suffer emotional distress when he did the acts described above.

79. As a direct and proximate result of Defendant's actions, Plaintiff Davis has suffered physical injury, severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety, and is entitled to general and compensatory damages in an amount according to proof at trial. As a direct and proximate result of Defendant's actions alleged hereinabove, Plaintiff Davis has suffered economic harm and other consequential damages, all in an amount according to proof at trial.

80. Defendant Rashid's conduct was malicious and oppressive, and done with a conscious disregard of Plaintiff' Davis' rights. Plaintiff is entitled to punitive damages from Defendant in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### (Assault)

81. Plaintiff Davis repeats and realleges each and every allegation contained in paragraph 1 through paragraph 48 hereof, with the same force and effect as if full set forth herein.

82. Defendant Rashid threatened to touch her in a harmful manner when he twice threatened to kill her if she left his bedroom.

83. It reasonably appeared to Ms. Davis that Defendant Rashid was about to carry out the threat.

84. Ms. Davis did not consent to Defendant Rashid's conduct.

85. As a direct and proximate result of Defendant Rashid's threats and

1  intimidation, Plaintiff Davis has suffered and will continue to suffer extreme and severe mental anguish, and emotional distress. Plaintiff is hereby entitled to general and compensatory damages in amounts to be proven at trial.

86. Defendant Rashid's conduct was malicious and oppressive, and done with a conscious disregard of Plaintiff' Davis' rights. Plaintiff is entitled to punitive damages from Defendant in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### (Battery)

87. Plaintiff Davis repeats and realleges each and every allegation contained in paragraph 1 through paragraph 48 hereof, with the same force and effect as if full set forth herein.

88. In doing the acts described herein, Defendant Rashid acted with the intent to make contact with Plaintiff. He did, in fact, bring himself into unwelcome contact with Plaintiff Davis as described hereinabove.

89. At all relevant times, Plaintiff Davis found the contacts by Defendant Rashid to be offensive to her person and dignity.

90. As described more fully above, Defendant Rashid subjected Plaintiff to unconsented and intentional invasions of her right to be free from offensive and harmful physical contact.

91. As a direct and proximate result of Defendant's actions, Plaintiff Davis has suffered physical injury, severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety, and is entitled to general and compensatory damages in an amount according to proof at trial.

92. As a direct and proximate result of Defendant's actions alleged hereinabove, Plaintiff Davis has suffered economic harm and other consequential damages, all in an amount according to proof at trial.

93. Plaintiff Davis is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant Rashid described above was done with

malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. By reason thereof, Plaintiff Davis is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

## EIGHTH CAUSE OF ACTION

### (Interference with Exercise of Civil Rights - Violation of Cal. Civ. §52.1)

94.   Plaintiff Davis repeats and realleges each and every allegation contained in paragraph 1 through paragraph 48 hereof, with the same force and effect as if full set forth herein.

95.   Cal. Civ. Code §52.1, the Bane Act, provides that it is unlawful to interfere with the exercise of enjoyment of any rights under the Constitution and laws of California and the United States by use or attempted use of threats, intimidation or coercion.

96.   Cal. Civ. Code §§51.7 and 52.4 guarantee the rights to persons in California to be free from assault, battery, and/or violence or threats of violence based on his or her sex

97.   Cal. Civ. Code §43 guarantees the right to every person the right of protection from bodily restraint or harm and personal insult.

98.   As alleged hereinabove, Defendant intentionally interfered with or attempted to interfere with Plaintiff's clearly established rights guaranteed under United States and California laws, including, but not limited to, Plaintiff's right to protection from battery, assault, false imprisonment, gender violence, and rape by intimidation and coercion.

99.   As a direct and proximate result of Defendant's actions, Plaintiff Davis has suffered physical injury, severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety, and is entitled to general and compensatory damages in an amount according to proof at trial.

100.   As a direct and proximate result of Defendant's actions alleged

hereinabove, Plaintiff Davis has suffered economic harm and other consequential damages, all in an amount according to proof at trial.

101. Plaintiff Davis is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant Rashid described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. By reason thereof, Plaintiff Davis is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial

102. In addition to and/or in lieu of Plaintiff's election, Plaintiff is entitled to receive and hereby seeks statutory damages pursuant to Cal. Civ. Code §52(b)., including actual and exemplary damages.

103. Pursuant to Cal. Civ. Code §52(b)(3), Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorney's fees and costs as set by the court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Davis requests judgment as follows:

1. On Count One, awarding general, compensatory, and punitive damages in favor of Plaintiff Davis, in an amount to be determined at trial, plus prejudgment interest and attorneys' fees and costs.

2. On Count Two, awarding general, compensatory, and punitive damages in favor of Plaintiff Davis, in an amount to be determined at trial, plus prejudgment interest and attorneys' costs and fees.

3. On Count Three, awarding general, compensatory, and punitive damages in favor of Plaintiff Davis, in an amount to be determined at trial, plus prejudgment interest, attorneys' costs and fees, and civil penalties as provided for by law.

4. On Count Four, awarding general, compensatory, and punitive damages in favor of Plaintiff Davis, in an amount to be determined at trial, plus

prejudgment interest and costs.

5. On Count Five, awarding general, compensatory, and punitive damages in favor of Plaintiff Davis, in an amount to be determined at trial, plus prejudgment interest.

6. On Count Six, awarding general, compensatory, and punitive damages in favor of Plaintiff Davis, in an amount to be determined at trial, plus prejudgment interest.

7. On Count Seven, awarding general, compensatory, and punitive damages in favor of Plaintiff Davis, in an amount to be determined at trial, plus prejudgment interest.

8. On Count Eight, awarding general, compensatory, and punitive damages in favor of Plaintiff Davis, in an amount to be determined at trial, plus prejudgment interest, attorneys' costs and fees, and civil penalties as provided for by law.

9. Granting Plaintiff Davis such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by her complaint.

DATED: January 10, 2020            ALLRED, MAROKO & GOLDBERG

By: _____
DOLORES Y. LEAL
Attorneys for Plaintiff,
**QUASHAY DAVIS**
6300 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90048
dleal@amglaw.com

---
17
COMPLAINT FOR DAMAGES